PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT

for

## District of the Northern Mariana Islands

F I L E D
Clerk
District Court

MAY 28 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:  **Melvin Nakatsukasa Basa**　　　　Case Number: 99-00050-001

Name of Sentencing Judicial　　Alex R. Munson

Date of Original Sentence: February 25, 2000

Original Offense:　Taking a Motor Vehicle Transported in Foreign Commerce, 18 U.S.C. § 2119
　　　　　　　　　Affecting Commerce by Robbery, 18 U.S.C. § 1951

Original Sentence:　102 months in prison followed by a term of supervised release of five years with conditions to include: not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as determined by the Court; not possess a firearm or other dangerous weapon; comply with the standard conditions of supervised release as set forth by the U.S. Commission; participate in a substance abuse program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse; refrain from the use of alcohol; seek and maintain gainful employment, provided that he refrain from any employment dealing with or involving minors; perform 300 hours of community service under the direction of the U.S. Probation Office; pay a $100 special assessment fee, and pay restitution jointly and severally with Jeffrey Sablan Basa and Jeronimo S. Ada, in the amount of $7,439. On April 21, 2008, conditions of supervised release were modified to include a sanction of 50 hours community service and a mental health assessment and treatment as deemed necessary by the U.S. Probation Office.

Type of　　　　Supervised Release　　　Date Supervision Commenced: February 16, 2007

Assistant U.S.　　David Wood　　　　　　Defense Attorney:　Michael W. Dotts

---

### PETITIONING THE COURT

☐ To issue a warrant

☒ To issue a summons

The probation officer believes that the offender has violated the following condition of supervision in violation of 18 U.S.C. § 3583(e) and (g)

| Violation Number | Nature of Noncompliance |
|---|---|
| Mandatory Condition | Failure to refrain from any unlawful use of a controlled substance |

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

*See attached Declaration in Support of Petition by*
*USPO Margarita DLG. Wonenberg*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| *(signature)* | *(signature)* | *(signature)* |
| CARMEN O'MALLAN | BEVERLY McCALLUM | MARGARITA WONENBERG |
| U.S. Probation Officer Specialist Supervision Unit Leader | Assistant U.S. Attorney | U.S. Probation Officer |
| Date: 5/23/2008 | Date: 5-27-08 | Executed on: 5/23/2008 |

---

THE COURT ORDERS:

[ ] No action.
[ ] The issuance of a warrant.
[X] The issuance of a summons. *for MAY 30, 2008 at 8:00 AM*
[ ] Other

                      *(signature)*
                      Signature of Judicial Officer

                      5-28-08
                      Date

# UNITED STATES DISTRICT COURT
## FOR THE
# NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| United States of America<br>　　　　Plaintiff,<br><br>vs.<br><br>Melvin Nakatsukasa Basa<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | USDC Cr. Cs. No. 99-00050-001<br><br>DECLARATION IN SUPPORT OF PETITION |

     I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Melvin N. Basa, and in that capacity declare as follows:

     On February 25, 2000, Melvin N. Basa was sentenced to 102 months imprisonment for the offense of Taking a Motor Vehicle Transported in Foreign Commerce, in violation of 18 U.S.C. § 2119 and Affecting Commerce by Robbery, in violation of 18 U.S.C. § 1951. Mr. Basa was ordered to serve a five year term of supervised release with conditions to include: that he shall not commit another federal, state, or local crime; not illegally possess a controlled substance; refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic tests thereafter, as determined by the Court; not possess a firearm or other dangerous weapon; comply with the standard conditions of supervised release as set forth by the U.S. Sentencing Commission; participate in a substance abuse program approved by the U.S. Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse; refrain from the use of alcohol; seek and maintain gainful employment, provided that he refrain from any employment dealing with or involving minors; perform 300 hours of community service under the direction of the U.S. Probation Office; pay a $100 special assessment fee, and pay restitution jointly and severally with Jeffrey Sablan Basa and Jeronimo S. Ada, in the amount of $7,439. On March 22, 2006, conditions of supervised release were modified to include that the defendant refrain from any unlawful use of a controlled substance, and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug testes thereafter, not to exceed eight tests per month, as directed by the probation officer. On April 21, 2008, conditions of supervised release were modified to include a sanction of 50 hours community service and a mental health assessment and treatment as deemed necessary by the U.S. Probation Office. Mr. Basa's term of supervised release commenced on February 16, 2007.

Declaration in Support
Basa, Melvin
Cr.Cs.No.: 99-00050-001
Page 2

**Mandatory Condition:** *Failure to refrain from any unlawful use of a controlled substance.*

On May 19, 2008, Mr. Basa was instructed to report to the U.S. Probation Office where he was subjected to drug testing. He tested presumptive positive for "ice" and admitted to using the drug. He signed an Admission of Drug Use form stating that he used "ice" on May 16, 2008.

**Officer Intervention:** Mr. Basa was reminded on numerous occasions about the importance of maintaining a drug free life and complying with his drug testing and treatment conditions. On March 22, 2006, the court modified conditions of supervised release to include drug testing of up to eight times a month at the direction of the U. S. Probation Office. On April 21, 2008, the court modified conditions of supervised release to include a sanction of 50 hours community service and mental health assessment and treatment as deemed necessary by the U.S. Probation Office. On March 22, 2008, Mr. Basa was seen by Dr. Judith Avery, psychiatrist for Marianas Psychiatric Services, and was prescribed psychotropic medication. Since then, he has been seen in treatment on a regular basis and continues to receive medication for depression. Despite the ongoing treatment and counseling, Mr. Basa continues to use the drug "ice" and as of this day, he has admitted to using the drug on at least five different occasions, March 17, 2008, March 22, 2008, April 3, 2008, April 8, 2008, and May 16, 2008. In all, Mr. Basa's drug use has been brought before the court's attention except the latest, May 16, 2008.

**Supervision Compliance:** Mr. Basa is compliant with his reporting instructions and is current with his monthly supervision reports. He is in phase I of the Substance Abuse Treatment Program and complies with the program's scheduling requirements. Mr. Basa is self employed and provides tinting services for customer vehicles.

On May 20, 2008, a Temporary Restraining Order was filed in the Superior Court of the Northern Mariana Islands under FCD-FP Civil Action 2008-0276 against Mr. Basa. The Order was based on a Petition filed by Mr. Basa's ex-girlfriend, Virginia Castro, who alleges that she needs police protection because Mr. Basa threatened to kill her. According to Ms. Castro, Mr. Basa has been physically and mentally abusive since they started dating in November 2007. She cites previous occasions when he pulled her hair and punched her face. He also slapped her three year old daughter, when he wanted her to stop crying. Ms. Castro said Basa "left her alone in a room to toughen her up". According to Ms. Castro, she is afraid for her safety and the safety of her daughter.

When officer confronted Mr. Basa about the allegations, he denied ever hitting Ms. Castro or her daughter. He is scheduled to appear in the Superior Court of the Northern Mariana Islands on May 28, 2008 at 1:30 pm where he expects to clear the allegations against him.

**Officer Recommendation:** This Officer respectfully requests that the Court issue a Summons for Melvin N. Basa to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervise release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Declaration in Support
Basa, Melvin
Cr.Cs.No.: 99-00050-001
Page 3


Executed this 28 day of May 2008, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

ROSSANNA VILLAGOMEZ-AGUON
Chief U.S. Probation Officer

By: _____
MARGARITA DLG WONENBERG
U.S. Probation Officer

Reviewed by:

_____
CARMEN D. O'MALLAN
U.S. Probation Officer Specialist
Supervision Unit Leader

cc:  Beverly McCallum, Assistant United States Attorney
     Defense Attorney
     File

## VIOLATION WORKSHEET

1. Defendant  **Melvin Nakatsukasa Basa**

2. Docket Number (Year-Sequence-Defendant No.)   **CR 99-00050-001**

3. District/Office   **0994/1**

4. Original Sentence Date   **02** / **25** / **00**
                                        month   day   year

(If different than above):

5. Original District/Office   **NA**

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to refrain from any unlawful use of a controlled substance | C |
| | |
| | |

8. Most Serious Grade of Violation (see §7B1.1(b))   **C**

9. Criminal History Category (see §7B1.4(a))   **V**

10. Range of Imprisonment (see §7B1.4(a))   **7 - 13**   months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[ ] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[X] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to:  United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

Defendant: **Melvin N. Basa**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | $6,806.00 | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | 350 hours community service | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment: 47-53 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    None.

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**